**E-Filed 10/8/10**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CHRIS MONET, Managing Member of StoneyBrook Townhomes, LLC,<br><br>Plaintiff,<br><br>v.<br><br>INDYMAC COMMERCIAL LENDING CORPORATION, an/or its affiliates, officers, assigns, or agents thereto and DOES 1 to 10,000 inclusive,<br><br>Defendants. | Case No. 5:10-CV-04506-JF (HRL)<br><br>ORDER[1] DENYING EX PARTE REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING FOR MOTION FOR PRELIMINARY INJUNCTION<br><br>Re: Docket No. 2 |

  Plaintiff Chris Monet ("Monet"), proceeding *pro se*, requests an emergency hearing and preliminary injunction in connection with an allegedly fraudulent trustee sale. Monet alleges that Defendants Indymac Commercial Lending Corporation and Does 1 to 10,000 ("ICLC") violated his rights under the Truth in Lending Act, Real Estate Settlement Procedures Act, Fair Debt Collection Practices Act, and Uniform Commercial Code. Monet filed the initial complaint on

---

[1] This disposition is not designated for publication in the official reports.

September 9, 2010 in the Santa Clara Superior Court. On October 5, 2010, the case was removed to the this Court, and Monet filed a request for a temporary restraining order ("TRO"). Monet requests that the Court temporarily restrain ICLC from further action with respect to the property while the Court determines whether the trustee's sale was fraudulent. Monet has not given notice of the instant request to ICLC.

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008). A party seeking injunctive relief must "demonstrate [1] 'that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 129 S. Ct. at 374)). The Ninth Circuit recently reaffirmed that within this framework a preliminary injunction also is appropriate when a plaintiff demonstrates "that serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing district courts to preserve the status quo where difficult legal questions require more deliberate investigation. *Alliance for the Wild Rockies v. Cottrell*, 613 F.3d 960 (2010). However, this "serious questions" approach must be applied as part of the four-element *Winter* test. Therefore, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Id. as amended by Alliance for the Wild Rockies v. Cottrell*, No. 09-35756, 2010 U.S. App. LEXIS 19921, at *1-2 (9th Cir. Sept. 22, 2010).

A TRO may be issued without notice to the adverse party *only if* "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or


2
Case No. 5:10-CV-04506-JF (HRL)
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING FOR MOTION FOR PRELIMINARY INJUNCTION
(JFEX2)

damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  Moreover, in this district an applicant for a TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order." Civ. L.R. 65-1(b).

Monet offers no justification for the issuance of a TRO without notice to ICLC. He alleges that he is threatened with the destruction of his property, mismanagement by ICLC, loss of revenue, and loss of credibility with tenants and standing in the community. Nonetheless, he has neither specified facts in an affidavit or a verified complaint showing that he will suffer immediate and irreparable injury, loss, or damage before ICLC can be heard, nor explained why notice has not been given or why notice should not be required. Accordingly, the request for a TRO will be denied.

**ORDER**

IT IS HEREBY ORDERED that:

1. Plaintiff's application for a TRO is DENIED;

2. On or before October 13, 2010, Plaintiff shall serve Defendants with a copy of the Motion for Emergency Hearing and Preliminary Injunction and a copy of this Order; and

3. Plaintiff's motion for preliminary injunction is set for hearing on October 28, 2010. Defendants may file a brief in opposition to the motion for preliminary injunction on or before October 21, 2010.

DATED: 10/8/10

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2

3  Chris Monet
   P.O.Box 67365
   Scotts Valley, CA 95067
4  831-335-7388

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. 5:10-CV-04506-JF (HRL)
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING FOR MOTION FOR PRELIMINARY INJUNCTION
(JFEX2)